IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES L. JACKSON, ID # 04066053, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:05-CV-2498-B (BH) |
| | ) | ECF |
| UTMB MEDICAL DEPT., et al., | ) | Referred to U.S. Magistrate Judge |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

In December 2005, plaintiff filed this civil action pursuant to 42 U.S.C. § 1983 while he was incarcerated in the Dallas County Jail awaiting trial and resolution of his appeal. (*See* Compl. at 1; Answer to Question 5 of Magistrate Judge's Questionnaire (MJQ).)[1] In his original complaint, he sues UTMB Medical Dept. and the Dallas County Sheriff's Department for a leg infection allegedly resulting from the conditions at the Dallas County Jail. (Compl. at 4.) In his answers to the MJQ, plaintiff amended his complaint to drop the Dallas County Sheriff's Department as a defendant, and stated that he wanted to name "U.T.M.B. Medical, as a defendant."[2] (*See* Answer to Question 4 of MJQ.)  Although he currently proceeds with claims related to a skin disorder (Lichen Planus) in a

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[2] The Court perceives no difference between the originally named defendant, UTMB Medical Dept., and the defendant named in the answer to the MJQ, U.T.M.B. Medical. Regardless of the particular identification, plaintiff pursues this action against the University of Texas Medical Branch (UTMB).

separate action (Cause No. 05-1072-N) in this Court, the leg infection which is the subject of this case differs from that skin disorder. (*See* Answer to Question 2 of MJQ.) He seeks medical treatment and monetary damages herein. (Compl. at 4.) No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

## III. SECTION 1983 RELIEF

Plaintiff seeks relief under 42 U.S.C. § 1983 against UTMB for prison conditions that allegedly caused a leg infection. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Although plaintiff has alleged claims that fall within the scope of § 1983, the University of Texas Medical Branch is protected by sovereign immunity under the Eleventh Amendment to the United States Constitution. *See United States v. Texas Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999) (holding that Eleventh Amendment protects Texas Tech University and its medical branch); *Sampson v. United States*, 73 Fed. App'x 48, 49 (5th Cir. 2003) (per curiam) (recognizing that the University of Texas Medical Branch "is immune from suit under the Eleventh Amendment"); *Miller v. Bunce*, 60 F. Supp. 2d 620, 624 (S.D. Tex. 1999) (holding that University of Texas is protected by Eleventh Amendment).

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *Puerto Rico Aqueduct & Sewer*

*Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  Stated simply, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974).  Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commun.ications v. BellSouth Telecomm. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983, *see Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Consequently, plaintiff may not pursue this action against UTMB.  Therefore, the claims against UTMB must be dismissed.  Furthermore, because plaintiff pursues claims only against UTMB, the Court should dismiss this action entirely.[3]

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

---

[3] *Pro se* plaintiffs who name a non-jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action.  *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993).  Here, the Court informed plaintiff that the Dallas County Sheriff's Department appeared to be a non-jural entity that is not subject to suit.  See *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a plaintiff may not bring a civil rights action against a servient political agency or department, unless such agency or department enjoys a separate and distinct legal existence); *Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998) (holding that the Dallas County Sheriff's Office is not a jural entity that can be sued).  In response, plaintiff named the "U.T.M.B. Medical" as a defendant.  (*See* Question 4 of MJQ).  Plaintiff has thus been accorded an opportunity to amend consistent with *Parker*.

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

SIGNED this 19th day of July, 2006.

                                              _____
                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

     The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                              _____
                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

---

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.